| Fill in this information to identify your case: | | |
|---|---|---|
| United States Bankruptcy Court for the: | | |
| DISTRICT OF DELAWARE | | |
| Case number (if known) | Chapter | 11 |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    OptiScan Biomedical Corporation

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    94-3201427

4. **Debtor's address**

   **Principal place of business**

   24590 Clawiter Road
   Hayward, CA 94545
   Number, Street, City, State & ZIP Code

   Alameda
   County

   **Mailing address, if different from principal place of business**

   P.O. Box, Number, Street, City, State & ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number, Street, City, State & ZIP Code

5. **Debtor's website (URL)**    www.optiscancorp.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify:

Debtor  **OptiScan Biomedical Corporation**  Case number (*if known*)  _____
       Name

7. **Describe debtor's business**

    A. *Check one:*
    - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    - ■ None of the above

    B. *Check all that apply*
    - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
    - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
    - ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
    See http://www.uscourts.gov/four-digit-national-association-naics-codes.
        5417

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*
    - ☐ Chapter 7
    - ☐ Chapter 9
    - ■ Chapter 11. *Check all that apply*:
        - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
        - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
        - ☐ A plan is being filed with this petition.
        - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
        - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
        - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
    - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    ■ No.
    ☐ Yes.

    If more than 2 cases, attach a separate list.

    | District | When | Case number |
    |---|---|---|
    | District | When | Case number |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ■ No
    ☐ Yes.

    List all cases. If more than 1, attach a separate list

    | Debtor | | Relationship | |
    |---|---|---|---|
    | District | When | Case number, if known | |

Debtor  **OptiScan Biomedical Corporation**          Case number (*if known*) _____
_____Name_____

**11. Why is the case filed in this district?**

Check all that apply:

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other

Where is the property? _____
Number, Street, City, State & ZIP Code

Is the property insured?
- ☐ No
- ☐ Yes.  Insurance agency _____
  Contact name _____
  Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ■ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  **OptiScan Biomedical Corporation**
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **June 1, 2020**
MM / DD / YYYY

X /s/ Patrick Nugent

Signature of authorized representative of debtor

**Patrick Nugent**
Printed name

Title  **Chief Financial Officer**

**18. Signature of attorney**

X /s/ David P. Primack

Signature of attorney for debtor

Date  **June 1, 2020**
MM / DD / YYYY

**David P. Primack Esquire**
Printed name

**McElroy Deutsch Mulvaney & Carpenter, LLP**
Firm name

**300 Delaware Avenue, Suite 770**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-300-4515**    Email address  **dprimack@mdmc-law.com**

**4449 - Delaware**
Bar number and State

# RESOLUTIONS OF
# THE BOARD OF DIRECTORS
# OF
# OPTISCAN BIOMEDICAL CORPORATION

## May 28, 2020

The board of directors (the "Board") of OptiScan Biomedical Corporation, a Delaware corporation (the "Company"), hereby agree that a meeting on May 28, 2020 was held, and the Board consented to, adopted and approved the following resolutions and each and every action effected thereby (the "Board Consent"):

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board of the Company has consulted with the management and the financial and legal advisors of the Company and fully considered each of the strategic alternatives available to such Company; and

**WHEREAS**, in light of the foregoing, the Board has determined that it is desirable and in the best interest of the Company to cause to be filed a petition by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or after May 28, 2020.

### NOW, THEREFORE, BE IT

**Filing and Prosecution of Bankruptcy Case**

**RESOLVED**, that it is desirable and in the best interest of the Company to authorize the chief executive officer, the chief financial officer or any other officer of the Company (each, an "Authorized Officer" and collectively, the "Authorized Officers") to cause to be filed a petition in the name of the Company (the "Chapter 11 Petition") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Board shall authorize and direct Authorized Officer, acting on behalf of the Company, to execute and verify the Chapter 11 Petition and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), in such form and at such time as he shall determine on or after May 28, 2020; and it is further

**RESOLVED**, that Authorized Officer, acting on behalf of the Company, hereby is authorized to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ

and retain all assistance by legal counsel, accountants or other professionals and to take any and all action deemed necessary and proper in connection with the Chapter 11 case; and it is further

**Employment of Professionals**

**RESOLVED**, that the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC") be, and hereby is, employed under general retainer as bankruptcy counsel for the Company in the Chapter 11 case, and Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amounts previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of MDMC; and it is further

**RESOLVED**, that Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, Authorized Officer, acting behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 case and cause to be filed appropriate applications for authority to retain the services of such firm; and it is further

**Authorization to Pursue DIP Financing**

**RESOLVED**, that Authorized Officer, acting on behalf of the Company, is hereby granted full authority to continue ongoing discussions to obtain debtor in possession financing on terms that are reasonable under the circumstances, as determined in consultation with the Company's professionals and advisors, and, subject to Bankruptcy Court approval, to enter into a debtor in possession credit agreement and such other ancillary agreements, documents, and instruments relating thereto; and it is further

**General Authorizing Resolutions**

**RESOLVED** that Authorized Officer, acting on behalf of the Company, is hereby granted full authority to act in the name of and on behalf of the Company, under the Company's seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses deemed to be necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 case, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by the Officers, Directors and/or Board to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that Authorized Officer, acting on behalf of the Company, is authorized, empowered and directed to certify and attest any documents or materials deemed necessary, desirable, or appropriate to consummate the transactions contemplated by the foregoing resolutions; and it is further

**RESOLVED**, that all actions heretofore taken by the Company, the Officers, the individual Directors, the Board, and other authorized representative of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions that require approval by the Board are hereby in all respects, approved, adopted, ratified, and confirmed.

Resolutions were adopted by the requisite majority of the Board on May 28, 2020

/s/ Patrick Nugent
CFO and Company Assistant Secretary

This action by written consent shall be effective as of the date the Company receives the requisite consent of the Company's stockholders. By executing this action by written consent, each undersigned stockholder is giving written consent with respect to all shares of the Company's capital stock held by such stockholder in favor of the above resolutions. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reliable reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the stockholders of the Company.

**STOCKHOLDER:**

**HERCULES CAPITAL, INC.**

By: *Zhuo Huang* (DocuSigned by: 2613CB769AA04A1...)

Name: Zhuo Huang

Title: Associate General Counsel

This action by written consent shall be effective as of the date the Company receives the requisite consent of the Company's stockholders. By executing this action by written consent, each undersigned stockholder is giving written consent with respect to all shares of the Company's capital stock held by such stockholder in favor of the above resolutions. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reliable reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the stockholders of the Company.

**STOCKHOLDER:**

**PMVL SUCRO LTD**

By: _____

Name: FARES ZAHIR

Title: DIRECTOR

**MIF SUCRO LTD**

By: _____

Name: FARES ZAHIR

Title: DIRECTOR

This action by written consent shall be effective as of the date the Company receives the requisite consent of the Company's stockholders. By executing this action by written consent, each undersigned stockholder is giving written consent with respect to all shares of the Company's capital stock held by such stockholder in favor of the above resolutions. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reliable reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the stockholders of the Company.

**STOCKHOLDER:**

**WEXFORD SPECTRUM TRADING LIMITED**

By: _____[DocuSigned signature: 631B46A98CE0499...]_____

Name: Arthur Amron

Title: Vice President and Assistant Secretary


**SPECTRUM INTERMEDIATE FUND LIMITED**

By: _____[DocuSigned signature: 631B46A98CE0499...]_____

Name: Arthur Amron

Title: Vice President and Assistant Secretary


**WEXFORD PARTNERS INVESTMENT CO. LLC**

By: _____[DocuSigned signature: 631B46A98CE0499...]_____

Name: Arthur Amron

Title: Vice President and Assistant Secretary

This action by written consent shall be effective as of the date the Company receives the requisite consent of the Company's stockholders. By executing this action by written consent, each undersigned stockholder is giving written consent with respect to all shares of the Company's capital stock held by such stockholder in favor of the above resolutions. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reliable reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the stockholders of the Company.

STOCKHOLDER:

**WEXFORD SPECTRUM FUND, L.P.**
By: Wexford Spectrum Advisors, L.P., its general partner
By: Wexford Spectrum Advisors GP LLC, its general partner

By: _____ (DocuSigned by: 631B46A08CE0400)

Name: Arthur Amron

Title: Vice President and Assistant Secretary

This action by written consent shall be effective as of the date the Company receives the requisite consent of the Company's stockholders. By executing this action by written consent, each undersigned stockholder is giving written consent with respect to all shares of the Company's capital stock held by such stockholder in favor of the above resolutions. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reliable reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the stockholders of the Company.

**STOCKHOLDER:**

**CHARTLINE CAPITAL NAVIGATOR FUND L.P.**

By: _/s/ Phillip B. Stern_

Name: Phillip B. Stern

Title: Managing Director

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | OptiScan Biomedical Corporation | |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE | |
| Case number (if known): | | ☐ Check if this is an amended filing |

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Altman Consulting LLC<br>3 Acacia Lane<br>Redwood City, CA 94062 | | | | | | $39,068.75 |
| Baker Botts LLP<br>P.O. Box 301251<br>Dallas, TX 75303-1252 | | | | | | $63,590.62 |
| BioBrit LLC<br>2223 Avenida de la Playa #108<br>La Jolla, CA 92037 | | | | | | $27,045.45 |
| BMV Direct II LP<br>17190 Bernardo Center Drive<br>San Diego, CA 92128-7030 | | | | | | $270,466.98 |
| Cello Health Insight, Inc.<br>264 West 40th Street 16th Floor<br>New York, NY 10018 | | | | | | $91,935.00 |
| Chartline Capital Navigator Fund, L.P.<br>c/o Phillip B. Stern, Managing Director<br>1105 N. Market Street, Ste. 1800<br>Wilmington, DE 19801 | | | | | | $189,868.27 |
| CVF, LLC<br>222 N. LaSalle Street Ste. 2000<br>Chicago, IL 60601 | | | | | | $370,342.44 |
| Gilroy Plastics, Inc.<br>P.O. Box 1602<br>Gilroy, CA 95021 | | | | | | $30,068.46 |

Debtor  **OptiScan Biomedical Corporation**                                                            Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Hercules Capital, Inc.<br>400 Hamilton Ave.<br>Suite 310<br>Palo Alto, CA 94301 | | | | | | $407,787.78 |
| Hyman, Phelps & McNamara<br>700 Thirteenth St., NW<br>Washington, DC 20005 | | | | | | $29,690.00 |
| KMOB<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA 92614 | | | | | | $58,199.20 |
| MIF Sucro Ltd<br>c/o Xeraya Capital Sdn. Bhd.<br>Lot 26.03-26.08<br>Level 26, Gtower<br>No. 199 Jalan Tun Razak 50400 Kuala Lumpur, Malaysia | | | | | | $463,936.10 |
| Nelson Laboratories<br>29471 Network Place<br>Chicago, IL 60673-1294 | | | | | | $33,188.00 |
| NGN OptiScan Fund III LP<br>60 Long Ridge Road Ste 402<br>Stamford, CT 06902 | | | | | | $426,563.78 |
| Omnify Software, Inc.<br>Dept. 0542<br>PO Box 120542<br>Dallas, TX 75312-0542 | | | | | | $52,084.37 |
| Outcome Capital, LLC<br>11921 Freedom Dr.<br>Reston, VA 20190 | | | | | | $30,545.33 |
| PMVL Sucro Ltd<br>c/o Xeraya Capital Sdn. Bhd.<br>Lot 26.03-26.08<br>Level 26, Gtower<br>No. 199, Jalan Tun Razak 50400 Kuala Lumpur, Malaysia | | | | | | $463,935.74 |

Debtor  **OptiScan Biomedical Corporation**  Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Washington University School of Medicine<br>660 S. Euclid Ave.<br>Campus Box 8009<br>Saint Louis, MO 63110-1010 | | | | | | $38,241.00 |
| Wexford Partners Investment Co. LLC<br>411 West Putnam Ave.<br>Ste. 125<br>Greenwich, CT 06830 | | | | | | $1,253,742.96 |
| Wexford Spectrum Trading Limited<br>411 West Putnam Avenue<br>Ste. 125<br>Greenwich, CT 06830 | | | | | | $1,107,795.15 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **OptiScan Biomedical Corporation** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 1, 2020**      x /s/ Patrick Nugent
                                   Signature of individual signing on behalf of debtor

**Patrick Nugent**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

**United States Bankruptcy Court**
**District of Delaware**

In re  **OptiScan Biomedical Corporation**                                      Case No. _____
                                                Debtor(s)                       Chapter  **11**

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **OptiScan Biomedical Corporation** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

MIF Sucro Ltd
c/o Xeraya Capital Sdn. Bhd.
Lot 26.03-26.08 Level 26, Gtower
No. 199 Jalan Tun Razak
50400 Kuala Lumpur, Malaysia

PMVL Sucro Ltd
c/o Xeraya Capital Sdn. Bhd.
Lot 26.03-26.08 Level 26, Gtower
No. 199 Jalan Tun Razak
50400 Kuala Lumpur, Malaysia

Spectrum Intermediate Fund Limited
411 West Putnum Ave.
Ste. 125
Greenwich, CT 06830

Wex SP LLC
411 West Putnum Ave.
Ste. 125
Greenwich, CT 06830

Wexford Partners Investment Co LLC
411 West Putnum Ave.
Ste. 125
Greenwich, CT 06830

Wexford Spectrum Fund, L.P.
c/o Wexford Capital LP
411 West Putnum Ave.
Ste. 125
Greenwich, CT 06830

Wexford Spectrum Investors, LLC
411 West Putnum Avenue
Ste. 125
Greenwich, CT 06830

☐ None [*Check if applicable*]

**{SIGNATURE BLOCK ON FOLLOWING PAGE}**

Dated: June 1, 2020

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

_____
David P. Primack (#4449)
300 Delaware Ave., Ste. 770
Wilmington, DE 19801
Telephone: (302) 300-4515
Facsimile: (302) 654-4031
E-mail: dprimack@mdmc-law.com